# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO,<br>CDCR # P-43503,<br><br>Plaintiff,<br><br>vs.<br><br>IAN PARKINSON; COUNTY OF SAN LUIS OBISPO; ULLOA; MAYES; ADAMS; MANPAL; RUSHING; P. FLOURNEY; T. GOFF; VILLAROMAN; DENNIS MORRIS; CHARLES MARSH; JOHN DOES 1-5,<br><br>Defendants. | Civil No. 11-1687 BEN (BGS)<br><br>ORDER:<br><br>(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 3];<br><br>(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 4];<br><br>AND<br><br>(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) AND FOR LACK OF PROPER VENUE |

Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) [ECF No. 3], and a Motion for Appointment of Counsel [ECF No. 4].

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because, for the reasons set forth below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

**A.   Venue**

As an initial matter, Plaintiff has combined claims that arose in the County of San Luis Obispo with claims that have arisen from events while housed at RJD in San Diego County. These claims appear to be separate and distinct with no indication why Plaintiff filed them in the same action. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff's claims against Defendants Parkinson, County of San Luis Obispo, Ulloa, Mayes, Adams, Manpal and Rushing arose in San Luis Obispo County, California, which is within the jurisdictional confines of the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2) ("The Central District [of California] comprises 3 divisions.... (2) The Western Division comprises the counties of Los Angeles, San Luis Obispo, Santa Barbara and Ventura."). The claims against these Defendants are not alleged to have arisen in the Southern District. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue as to the claims against Defendants Parkinson, County of San Luis Obispo, Ulloa, Mayes, Adams, Manpal and Rushing are properly brought in the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Accordingly, the Court dismisses the claims against Defendants Parkinson, County of San Luis Obispo, Ulloa, Mayes, Adams, Manpal and Rushing, without prejudice, for lack of proper venue. If Plaintiff wishes to purse claims against these individual Defendants he should file a separate action in the Central District of California, Western Division.

**B.     Illegal search claims**

The remainder of Plaintiff's claims are far from clear, but he appears to allege that Defendant Flourney, a nurse at RJD, violated his constitutional rights by conducting "illegal body cavity searches." (Compl. at 17-18.) The Fourth Amendment applies to a jail or prison's

policy of strip searches of inmates. *See Bull v. City of San Francisco, et al.*, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc). When determining whether Plaintiff has stated a Fourth Amendment claim for an unreasonable search, the Court looks to whether the strip search was "reasonably related to legitimate penological interests." *Id.* (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987). "The reasonableness of a search is determined by reference to its context." *Bull*, 595 F.3d at 971 (citing *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988)).

Plaintiff alleges no specific facts with regard to these visual body cavity searches. Plaintiff appears to object to the visual body cavity searches on the grounds that Defendant Flourney is a nurse and not a correctional officer. (*See* Compl. at 18.) Such a claim does not rise to the level of finding that the visual searches were "excessive, vindictive, harassing or unrelated to any legitimate penological interest." *Michenfelder*, 860 F.3d at 332. Thus, the Court finds that Plaintiff has failed to allege a Fourth Amendment constitutional violation arising from visual body cavity searches.

### C. Due Process and Heck

As currently pleaded, Plaintiff's due process claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long. *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff alleges that he lost good time credits as a result of Defendants fabricating charges against him resulting in a disciplinary conviction. (*See* Compl. at 18.) In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts in his Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

### D. Fourteenth Amendment Due Process Claims

Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the

Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend. Plaintiff's claims against the Defendants from San Luis Obispo are dismissed without leave to amend in this action but also without prejudice to pursue in a separate action filed in the Central District, Western Division.

**IV. CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2. Plaintiff's Motion for Appointment of Counsel [ECF No. 4] is **DENIED.**

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

1 ASSIGNED TO THIS ACTION.

2     4.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
3 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
4 Sacramento, California 95814.

5      **IT IS FURTHER ORDERED** that:

6     5.      Defendants Parkinson, County of San Luis Obispo, Ulloa, Mayes, Adams, Manpal
7 and Rushing are **DISMISSED** pursuant to 28 U.S.C. § 84(c)(2), 28 U.S.C. § 1391(b) and 28
8 U.S.C. § 1406(a). The Clerk of Court is directed to terminate these Defendants from the docket.

9     6.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
10 upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

11     7.      Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed
12 in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
13 above. Plaintiff's Amended Complaint must be complete in itself without reference to his
14 original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
15 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
16 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action
17 shall remain dismissed without further Order by the Court.

18     8.      The Clerk of Court is directed to mail a Court approved § 1983 form to Plaintiff.

19 IT IS SO ORDERED.

20 DATED: October 11, 2011

21

22                                 Hon. Roger T. Benitez
23                                 United States District Judge

24

25

26

27

28