# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO, CDCR # P-43503, <br><br> Plaintiff, <br><br> vs. <br><br> IAN PARKINSON; COUNTY OF SAN LUIS OBISPO; ULLOA; MAYES; ADAMS; MANPAL; RUSHING; P. FLOURNEY; T. GOFF; VILLAROMAN; DENNIS MORRIS; CHARLES MARSH; JOHN DOES 1-5, <br><br> Defendants. | Civil No. 11-1687 BEN (BGS) <br><br> **ORDER GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

Ramon Murillo ("Plaintiff"), who is currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, is proceeding pro se and has initiated this civil action pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3], as well as a Motion for Appointment of Counsel [ECF No. 4].

On October 11, 2011, the Court granted Plaintiff's IFP Motion, but denied his Motion for Appointment of Counsel and dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Oct. 11, 2011 Order [ECF No. 6]. Plaintiff was granted 45 days leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 8; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

On November 1, 2011, Plaintiff submitted a Motion requesting an extension of time in which to file his Amended Complaint [ECF No. 8].

## I.

### STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, he is still proceeding without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

## II.

### CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Extend Time to file an Amended Complaint [ECF No. 8]. Plaintiff's Amended Complaint must be received by the Court no later than **Friday, December 23, 2011**. Moreover, Plaintiff is cautioned that his Amended Complaint must address *all* the deficiencies of pleading previously identified in the Court's October 11, 2011 Order [ECF No. 6], and must be complete in itself without reference to his original complaint. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

IT IS SO ORDERED.

DATED: November 21, 2011

Hon. Roger T. Benitez
United States District Judge