FILED

FEB 14 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RAMON MURILLO,
CDCR # P-43503

Plaintiff,

vs.

P. FLOURNOY; T. GOFF; VILLAROMAN;
DENNIS MORRIS; CHARLES MARSHAL;
RJ DONOVAN WARDEN; and JOHN
DOES 1-5

Defendants.

Civil No.   11cv1687 BEN (BGS)

**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 4(c)(3) & 28 U.S.C. § 1915(d)**

## I.

### PROCEDURAL HISTORY

On July 22, 2011, Plaintiff, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).   On October 11, 2011, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim and for lack of proper venue. *See* Oct. 11, 2011 Order at 7-8.   On November 29, 2011, Plaintiff filed his First Amended Complaint.

1

## II.

### Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

The Court finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and

1  dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6)

2  motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119

3  (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

6  Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

7  1.  The Clerk shall issue a summons as to Plaintiff's First Amended Complaint upon

8  the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form

9  285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified

10  copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP, and certified copies

11  of his First Amended Complaint and the summons for purposes of serving each Defendant.

12  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as

13  completely and accurately as possible, and to return them to the United States Marshal according

14  to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter,

15  the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each

16  Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by

17  the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

18  2.  Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended

19  Complaint within the time provided by the applicable provisions of Federal Rule of Civil

20  Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

21  to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

22  other correctional facility under section 1983," once the Court has conducted its sua sponte

23  screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary

24  determination based on the face on the pleading alone that Plaintiff has a "reasonable

25  opportunity to prevail on the merits," Defendants are required to respond).

26  3.  Plaintiff shall serve upon Defendants or, if appearance has been entered by

27  counsel, upon Defendants' counsel, a copy of every further pleading or other document

28  submitted for consideration of the Court. Plaintiff shall include with the original paper to be

filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: February ⁄2, 2012

HON. ROGER T. BENITEZ
United States District Judge

11cv1687 BEN (BGS)